IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00248-EWN-MEH

MARTINO WIDJAJA,

    Plaintiff,

vs.

R. JAMES NICHOLSON, Secretary, Department of Veterans Affairs,

    Defendant.

---

RECOMMENDATION ON PLAINTIFF'S MOTION FOR INJUNCTION

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

This matter is before the Court on Plaintiff's Motion for Injunction (styled "Injunction") dated June 22, 2006 (Docket #16). This matter has been referred to this Court by the District Judge under a General Order of Reference to United States Magistrate Judge, for purposes of making a recommendation on motions which would be dispositive of this case and for direct ruling on nondispositive motions (Docket #2). Although the Defendant has not responded to Plaintiff's request for injunctive relief, the Court will not require a response in light of the inadequacy of Plaintiff's motion. As the analysis to follow will demonstrate, it is recommended that Plaintiff's motion be **denied.**

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to

proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND and ANALYSIS

Plaintiff, an employee of Defendant, states that he is being subjected to disciplinary actions in the form of (1) being held responsible for "out dated reagents" being found in the department refrigerator; (2) being badgered by a supervisor for violation of various procedures; and (3) being scheduled to work weekends.

In order to obtain a preliminary injunction in this Circuit, the Plaintiff must establish that (1) he will suffer irreparable harm in the absence of an injunction; (2) he has a substantial likelihood of success on the merits of his substantive clam; (3) the threatened injury to him outweighs the injury that the injunction will cause to the Defendant; and (4) the injunction is not contrary to the public interest. *E.g., Wyandotte Nation v. Sebelius*, 443 F.3d 1247, 1254-55 (10th Cir. 2006). Because injunctive relief is an extraordinary remedy, "the right to relief must be clear and unequivocal." *Utah Licensed Beverage Ass'n v. Leavitt*, 256 F.3d 1061, 1065-66 (10th Cir. 2001) (quotation omitted). Plaintiff's request for equitable relief fails on all four elements. The injuries of which the Plaintiff complains can be compensated with monetary damages; he has not established a substantial likelihood

that his claims will prevail; the disruption caused by this Court directing the actions of an executive branch agency substantially outweighs the threatened injury to the Plaintiff; and the public interest in this employment dispute is outweighed by the public interest in a governmental agency performing its functions without the intervention of the courts.

Plaintiff has failed to satisfy his burden for injunctive relief in this Court and, therefore, his motion should be denied.

## **CONCLUSION**

Based upon the foregoing, and the entire record herein, it is hereby **recommended** that Plaintiff's Motion for Injunction (styled "Injunction")  [Filed June 22, 2006; Docket #16] be **denied**.

Dated at Denver, Colorado, this 26th day of July, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge