IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00248-EWN-MEH

MARTINO WIDJAJA,

      Plaintiff,

vs.

R. JAMES NICHOLSON, Secretary, Department of Veterans Affairs,

      Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
FOR DISMISSAL OF ACTION

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

      This matter is before the Court on Defendant's Motion to Dismiss Claim One of Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket #7), and Defendant's Motion to Dismiss Claim Two of Complaint for Lack of Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) (Docket #6). This case has been referred under a Memorandum referring the Motions to Magistrate Judge, filed on April 18, 2006, pursuant to 28 U.S.C. § 636(b)(1)(A)&(B) and Fed. R. Civ. P. 72(a) and (b), for recommendation on these motions. The motions are fully briefed, and oral argument would not materially assist the Court in adjudicating them. For the reasons stated below, it is **recommended** that the two Motions to Dismiss be **granted** on the following bases: The Motion to Dismiss Count One be granted; and the Motion to Dismiss Count Two be resolved *sua sponte* under Fed. R. Civ. P. 12(b)(6) and be granted; or, alternatively, that it be converted to a Motion for Summary Judgment and be **granted** based on Plaintiff's failure to state a claim, resulting in the case being dismissed in its entirety.

All parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

Plaintiff filed a *pro se* form "Title VII Complaint" on February 14, 2006. The only jurisdictional basis in the Complaint is Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. The Complaint contains two claims. The First Claim alleges that a co-worker left a drawing on Plaintiff's desk, which he claims was threatening. The Second Claim alleges that after Plaintiff was exposed to anthrax in an unknown location at an unknown time in an unknown manner, he presented himself to his employer, the Department of Veterans Affairs Medical Center ("DVAMC") for treatment for anthrax exposure. The DVAMC allegedly informed him that he needed to consult with his private health care provider. The only fair reading of the Complaint establishes that Plaintiff

2

alleges both these actions are based on his race, sex, color, and in reprisal for filing an EEO grievance, because no other jurisdictional basis is asserted. The government moves to dismiss the Complaint on various grounds described below.

## DISCUSSION

### I.      Standard of Review.

#### A.      <u>Dismissal under Fed. R. Civ. P. 12(b)(1)</u>

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims. Further, under a 12(b)(1) motion, "a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). In such an instance, "a court's reference to evidence outside the pleadings does not convert

the motion into a Rule 56 motion." *Stuart*, 271 F.3d at 1225.

     B.    <u>Dismissal under Fed. R. Civ. P. 12(b)(6)</u>

A dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only when it is apparent that a plaintiff can prove no set of facts that would entitle him to relief. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). In evaluating a Rule 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The issue in reviewing the sufficiency of a plaintiff's Complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Finally, in this case, Plaintiff attached several documents to the Complaint, including detailed statements about the events in question as well as a copy of the offensive drawing. "[I]n deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2003).

     C.    <u>Dismissal of a *Pro Se* Plaintiff's Complaint</u>

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on

plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

        D.      Summary Judgment

        Summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Id.* at 323; *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006). If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th

Cir. 2002); Fed. R. Civ. P. 56(e).  These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324).  "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge."  *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005).  "The court views the record and draws all favorable inferences in the light most favorable to the non-moving party."  *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

## II.    Claim One - Hostile Environment/Harassment

Defendant moves to dismiss Claim One under Fed. R. Civ. P. 12(b)(6).  Plaintiff contends in Claim One that he felt threatened by a drawing allegedly made by co-workers.  He does not allege that the government failed to act once he made the event known to his supervisors; indeed, he claims that his employer fired a co-worker over the incident, although he claims his employer got the wrong man.  Further, he states the following: (1) When he first saw the drawing, he "didn't make much make of (sic)" it; (2) a co-worker named Dylan Bain asked him what Plaintiff thought of the drawing that Bain had made, although Plaintiff does not believe Bain drew it; (3) an employee named Lori (who, in the context of Plaintiff's allegations, appears to be a supervisor) came by to talk to Plaintiff about the drawing and took a copy with her; (4) Plaintiff had a conversation with Bain, informing Bain that the "drawing might be deemed threatening and that he [Bain] could loose (sic) his job"; (5) Bain came back later to Plaintiff and apologized to Plaintiff if Plaintiff "was offended by the drawing[and] I told him that it didn't"; and (6) Bain later was fired because of the drawing.  Plaintiff also attached a copy

of the drawing to his Complaint.

The record establishes that Plaintiff did not exhaust Claim One with regard to either race or color and, therefore, dismissal on those two bases (without prejudice) is appropriate on that ground. *E.g.*, *Ransom v. United States Postal Serv.*, 170 Fed. Appx. 525 (10th Cir. 2006) (holding that federal courts do not have jurisdiction to review Title VII claims that have not been exhausted administratively). Furthermore, Plaintiff has failed to allege any facts sufficient to sustain a claim that the drawing was based on sex, and significantly, he alleges that it was drawn by another male. Thus, dismissal of the sex component of Claim One is appropriate. This leaves only retaliation as a basis for Claim One.

First, the fact that Plaintiff stated that the drawing did not offend him may be, in itself, sufficient to grant the Defendant's 12(b)(6) Motion. The Supreme Court used this ground with approval in explaining that an alleged harassing comment was not sufficient to sustain a Title VII claim. *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001) ("respondent 'conceded that it did not bother or upset her'"); *see, also, Mattson v. Caterpillar, Inc.*, 359 F.3d 885, 891-92 (7th Cir. 2004) (same).

Second, Plaintiff acknowledges that his employer took strong measures (including termination of the alleged author) after the drawing was brought to its attention. Under *Faragher v. Boca Raton*, 524 U.S. 775 (1998), this alone may be a sufficient basis upon which to dismiss Claim One. The *Faragher* case held that if a plaintiff claims hostile environment discrimination, the plaintiff must show that the employer knew or should have known about the harassment but failed to take appropriate remedial action. *Id.* at 789; s*ee Curran v. AMI Fireplace Co.*, 163 Fed. Appx. 714, 719 (10th Cir. 2006) (discussing *Faragher*). An employer discharges its liability for harassment by taking

7

appropriate remedial or preventive action. *E.g.*, *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 676 (10th Cir. 1998).

More importantly, the Court does not believe that the single, allegedly threatening or offensive drawing here is a sufficient basis upon which to bring a hostile environment discrimination case and create a reasonable issue of fact for a jury to consider.   In order to establish a violation of Title VII's standard, the drawing must be "'extremely serious.'" *Breeden*, 532 U.S. at 271 (quoting *Faragher v. Boca Raton*, 524 U.S. 775, 788 (1998)).  Plaintiff's allegations, on their face, do not qualify as extremely serious as a matter of law.  Case law is replete with decisions supporting this conclusion. *Breeden*, 532 U.S. at 271 (the single incident of sexual harassment in that case was, at worst, "an 'isolated inciden[t]' that cannot remotely be considered 'extremely serious,' as our cases require"); *Bloomer v. United Parcel Serv., Inc.*, 94 Fed. Appx. 820 at *5 (10th Cir. Apr. 16, 2004) (a few isolated incidents of racial enmity are insufficient to establish a hostile work environment claim); *Gregory v. Widnall*, 153 F.3d 1071, 1074-75 (9th Cir. 1998) (single drawing of a monkey); *Smith v. Northwest Financial Acceptance, Inc.*, 129 F.3d 1408, 1414-15 (10th Cir. 1997) (collecting cases). As the government points out in its motion, conduct must be extreme to amount to a change in the terms and conditions of employment.  *E.g.*, *Faragher*, 524 U.S. at 788.

The one drawing at issue here does not create a triable issue of fact on a hostile environment claim.  Therefore, the Court recommends that Claim One be dismissed.

## II.    **Claim Two - Refusal to Provide Medical Care**

A.    <u>Substantive Law under which Claim Two Should Be Analyzed</u>

Plaintiff, an employee of the Grand Junction, Colorado DVAMC, alleges that the DVAMC refused to treat him when, during his work day, he presented himself for treatment with a report of

exposure to anthrax.  The government argues that such a claim sounds in tort (negligent denial of medical treatment) and must, therefore, fall within the exclusive jurisdiction of either the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8102(a) (if injured on the job) or the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679 (if injured off the job), but certainly does not fall within the subject matter jurisdiction of a Title VII claim.  The government contends that because Plaintiff did not exhaust his claim under either the FECA or the FTCA, Claim Two must be dismissed based on a lack of subject matter jurisdiction.

Although the Court sees the logic in Defendant's argument, the Court does not agree that such a bright line *must* be drawn when a Title VII plaintiff asserts an employment discrimination claim in connection with an alleged tort that occurred in the workplace.  For that reason, as explained more fully below, the Court will base its decision concerning Claim Two on alternative grounds.  *Cf. Yumukoglu v. Provident Life & Accident Ins. Co.*, 36 Fed. Appx. 378, 382-83 (10th Cir. 2002) (discussing the district court's alternative holdings on summary judgment).

The Court believes that it must analyze Plaintiff's claim of denial of treatment at least alternatively under a Title VII analysis.  Title VII "provides 'the exclusive judicial remedy for claims of discrimination in federal employment.'" *Nero v. Rice*, 986 F.2d 1428 (Table), 1993 WL 26638 at *2 (10th Cir. Feb. 3, 1993) (quoting *Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976)). If Plaintiff claims that he presented himself to the facility as an employee of the facility, and that the facility refused to treat him based on one of the grounds prohibited by Title VII (in this situation, sex, color, race, or retaliation), then his claim should be evaluated under Title VII.  It makes no difference that the adverse employment action sounds in tort.  This is frequently the case in Title VII claims, particularly in sexual harassment cases that include allegations of touching or grabbing (*i.e.*, a sexual

assault). *See, e.g.*, *Brunetti v. Rubin*, 999 F. Supp. 1408, 1410 (D. Colo. 1998) (federal employee alleging touching "in an offensive manner, including touching or brushing her breasts, lips, and knee").

In the *Brunetti* case, for example, the plaintiff brought a Title VII claim against her employer for gender harassment, as well as a tort claim for extreme and outrageous conduct against the offending supervisor. Chief Judge Lewis Babcock found that the plaintiff could maintain a Title VII action on these facts, but also could bring a tort claim against the individual if the latter was based on "a highly personal violation" of rights that went beyond discrimination. *Id.* at 1411. Similarly, the Tenth Circuit, in the unpublished *Nero* case, adopted the "highly personal violation" exception to the exclusivity of Title VII in situations claiming discrimination in employment. 986 F.2d 1428, 1993 WL 26638 at *2. The Tenth Circuit noted in *Nero*, however, that the plaintiff's claims of "emotional distress due to defendant's discriminatory actions of loaning him to other departments and denying him a promotion [are] clearly grounded in his Title VII employment discrimination claims and could not have been brought separately." *Id.; cf. Mathis v. Henderson*, 243 F.3d 446, 450-51 (8th Cir. 2001) (holding that when the same set of facts supports both a Title VII claim and a non-Title VII claim against a federal employer, Title VII preempts the non-Title VII claim) (citation omitted).

Likewise for Mr. Widjaja, his claim of denial of medical treatment is grounded in his Title VII employment discrimination claim[1] (since Title VII is the only jurisdictional basis he alleges) and could

---

[1]To the extent that Plaintiff alleges that the denial of medical treatment was in retaliation for engaging in protected activity, the Supreme Court's decision in *Burlington Northern & Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405 (2006), supports this conclusion. In *White*, the Court stated that the "scope of the anti-retaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm." *Id.* at 2414. Plaintiff's allegation would fall within the broad

not have been brought separately, particularly since the conduct alleged does not meet the "highly personal violation" standard, such as a direct sexual assault would.[2]

Therefore, the Court will first determine whether Plaintiff has sufficiently stated a Title VII claim to avoid dismissal.

B.       Efficacy of a Title VII Claim

As alternative holdings, the Court finds that Plaintiff's Claim Two (1) fails to state a claim under Fed. R. Civ. P. 12(b)(6)[3] because the Complaint and accompanying documents establish that treatment was in fact provided, and alternatively, (2) fails to state a claim under a summary judgment standard, Fed. R. Civ. P. 56, because treatment was not a part of the compensation, terms, conditions, or privileges of Plaintiff's employment and, therefore, any alleged failure to provide such treatment could not qualify as an adverse employment action.

1.       Dismissal Because Plaintiff's Allegations Establish Medical Treatment

Plaintiff's Complaint and the material he attaches[4] demonstrate that the DVAMC *did* treat him

---

scope of retaliatory actions envisioned by *White*.

[2]For example, in *Sommatino v. United States*, 255 F.3d 704 (9th Cir. 2001), the court found that while allegations of rape, or of forced kissing/fondling/blocking the door, would fulfill the "highly personal violation" standard, the type of intentional sexual touching and vulgar remarks in the case before it were "typical of the offensive workplace behavior giving rise to an action to remedy a hostile work environment." *Id.* at 712.

[3]Although the government does not bring its motion to dismiss Claim Two under Fed. R. Civ. P. 12(b)(6), the district court may *sua sponte* dismiss a claim under this rule. *E.g., Curley v. Perry*, 236 F.3d 1278, 1284 (10th Cir. 2001). Such dismissal is limited to cases where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing the plaintiff an opportunity to amend the complaint would be futile. *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[4]As noted above in this Recommendation, any documents attached as exhibits to the Complaint may be considered in ruling on a motion under Fed. R. Civ. P. 12(b)(6). Each of the

11

for his alleged anthrax exposure.  Although Plaintiff states that on December 24, 2005, DVAMC emergency room admissions staff told him that he could seek treatment at any facility that he chose, he indeed saw Dr. Stephen Meyer of the DVAMC at that time, who asked him questions and told him that he was not infected with anthrax.  Dr. Meyer ordered x-rays and told Plaintiff he would also order a culture and sensitivity test.  His temperature when Dr. Meyer saw him was 98.6.

He saw DVAMC staff again on December 27, 2005, when he had two other staff members review slides and cultures.  They informed Plaintiff that the slides and cultures would be sent to St. Mary's Hospital in Grand Junction for evaluation.  They later informed Plaintiff that the results were negative.

Subsequently, Plaintiff went to the Albuquerque, New Mexico DVAMC, where he was seen by a doctor in the emergency room.  The doctor prescribed medication and ordered an EKG.

These allegations alone are sufficient to require dismissal of this case under Fed. R. Civ. P. 12(b)(6) even in light of Plaintiff's contradictory allegation that he received no treatment.[5]

### 2.     Plaintiff's Allegations Fail To Establish An Adverse Employment Action

What is even more clear is that Plaintiff's Claim Two is barred because he was not subjected to a materially adverse employment action sufficient to satisfy his burden of showing that the DVAMC's actions altered Plaintiff's compensation, terms, conditions, or privileges of employment or adversely affected his status as an employee.  The Court's analysis here must be performed under the standards for summary judgment, because it utilizes material outside the pleadings.

---

allegations the Court recites comes from the Complaint or its attachments.

[5]*E.g.*, *Campos v. Immigration & Naturalization Serv.*, 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998) (in ruling on motion to dismiss, court need not accept factual claims that are internally inconsistent).

In response to a request for additional briefing on the issue of Plaintiff's entitlement to medical treatment at the DVAMC,[6] the government submitted a declaration and a copy of the DVAMC's employment policies.  The Court then determined that the government's submission might require the Court to convert the Motion to Dismiss into a Motion for Summary Judgment.  The Court requested briefing by the parties on whether converting the Motion to Dismiss would be appropriate in order to fulfill the requirement that notice be provided to the parties.[7]  *See David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).  The government responded by objecting to converting the Motion to Dismiss to a Motion for Summary Judgment, primarily because the government believed that if the case was not ultimately dismissed and was permitted to proceed to discovery, the government would not be given an opportunity to file its own motion for summary judgment at the end of discovery.[8]  Despite the government's objection, based on the clear record before the Court, summary judgment is appropriate for Defendant on Claim Two based on Plaintiff's failure to present a genuine issue of material fact for consideration by a finder of fact.  *See Ryan v. Scoggin*, 245 F.2d 54, 57 (10th Cir. 1957) (when court's consideration of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) includes matters outside the pleadings, "the motion shall be treated as one for summary judgment and shall be disposed of as provided in Rule 56.  It [is] not important whether the motion . . . was denominated one for dismissal of the action for failure of the complaint to state

---

[6]Plaintiff did not respond to the Court's request for additional briefing.

[7]Plaintiff did not respond to the Court's notice of potential conversion to motion for summary judgment.

[8]It is not the Court's intent to preclude any such potential future motion, particularly where, as here, summary judgment was adjudicated on the Court's own initiative and not that of the Defendant.  If needed, this Court would allow a successive motion under these circumstances to avoid manifest injustice.

a cause of action for which relief could be granted or one for summary judgment.").

A claim under Title VII requires that Plaintiff establish that he suffered an "adverse employment action" as a result of discrimination or retaliation. *E.g., E.E.O.C. v. BCI Coca-Cola Bottling Co.*, 450 F.3d 476, 483-84 (10th Cir. 2006).  An adverse employment action is one that significantly alters the compensation, terms, conditions, or privileges of employment or adversely affects the plaintiff's status as an employee. *E.g., Garrison v. Gambro, Inc.*, 428 F.3d 933, 939 (10th Cir. 2005).

In *Garrison*, the court affirmed a grant of summary judgment because the plaintiffs did not demonstrate that the action taken against them altered one of these privileges of employment.  428 F.3d at 939.  As applied to the present case, Plaintiff was not denied a privilege of employment when the DVAMC instructed him to seek medical attention from his private medical care provider for his alleged anthrax exposure.  According to the employment policy of the DVAMC, employees may seek medical care at the DVAMC only for minor illnesses.  VA Handbook § 5019, Part I, ¶ 5(a)(1) ("It is expected that all employees will have a private personal physician or healthcare provider.  If an employee suffers a minor illness or injury, which interferes with their ability to perform their duties, treatment may be rendered.  Treatment will be limited to relieve their discomfort and enable them to remain at work . . . .").  The DVAMC interprets this provision as applying to "minor ailments such as colds, headaches, nausea." Declaration of William P. Chester, at ¶ 8.  The Handbook also provides that "[l]ocal policy may define emergency and treatment of non-work related conditions."  VA Handbook § 5019, Part I, ¶ 1(b)(1).

The Court takes judicial notice that human contraction of anthrax presents a significant risk of serious injury and/or death. *E.g.,* STEDMANS MEDICAL DICTIONARY *Anthrax* (27th Ed. 2000) ("A

14

disease in humans caused . . . marked by hemorrhage and serious effusions in various organs and body cavities any by symptoms of extreme prostration . . . ."); *Briscoe v. Potter*, 355 F. Supp. 2d 30, 46 (D.D.C. 2004) (seriousness of anthrax); *cf. Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003) (court may take judicial notice of well-known medical facts) (citation omitted); *Roe v. Wade*, 410 U.S. 179, 207 (1973) (Burger, C.J., concurring) (judicial notice of scientific and medical facts taken by the Court do not exceed the scope of judicial notice accepted in other contexts). The Court believes, as a matter of law, that potential contraction of anthrax is not a minor ailment that would qualify as a condition which can be treated in a way to enable an employee to stay at work that day. The DVAMC's policy would require any employee presenting themselves with such a condition to be treated by the employee's own physician or healthcare provider. Therefore, as a matter of law, the DVAMC's referral of Plaintiff to his own healthcare provider is not a denial of a compensation, term, condition,  or privilege of employment.

>C.    Dismissal Under Fed. R. Civ. P. 12(b)(1)

Although the Court believes that Plaintiff brings his Claim Two exclusively under Title VII, if indeed he is alleging a denial of medical treatment in the traditional medical malpractice sense, Plaintiff's claims are barred by either of two statutes.  Assuming his allegation of denial of medical treatment to be true, if the Plaintiff was entitled to such treatment because the exposure occurred as a result of his status as an employee, then any injury he incurred as a result of a lack of treatment must be remedied under FECA, 5 U.S.C. §§ 8101-8152, which is the exclusive remedy for injuries that occur to federal employees while on duty.  *E.g.*, *Miller v. V.A. Medical Center*, 12 Fed. Appx. 766, 768 (10th Cir. 2001).

On the other hand, if Plaintiff was entitled to medical treatment because of his status as a

veteran, then any injury he incurred as a result of the lack of treatment must be remedied under the FTCA, 28 U.S.C. § 2671 *et seq.* *E.g.*, *Justice v. United States*, 925 F.2d 1470 (Table), 1991 WL 12792 (9th Cir. Feb. 6, 1991) (veteran who is denied treatment at a Veteran's Administration facility must exhaust his claim under the FTCA).

Plaintiff has pursued neither an FECA nor an FTCA claim, either administratively or in his Complaint. He has not presented any evidence nor any allegation that he exhausted any claims under either statutory scheme, and, therefore, the Court lacks subject matter jurisdiction over any such claim, if indeed Plaintiff intended to bring a tort claim.

One final point should be addressed in this regard. In 1983, the Sixth Circuit created the "dual capacity doctrine," which treats the government as though it was a third party, and therefore subject to suit under the FTCA (avoiding the exclusivity of FECA), when the government's role in contributing to an employee's injury is entirely different than its role in employing the individual. In other words, a government hospital's role in treating the medical symptoms of one of its employees is different than its role in employing the individual, and under the dual capacity doctrine, a lawsuit could be brought by the employee under either statutory scheme (FTCA or FECA) depending on the government's role in creating the harm. First, this doctrine has apparently not been adopted outside the Sixth Circuit. *See, e.g., Spinelli v. Gross*, 446 F.3d 159, 161 (D.C. Cir. 2006). Second, even in the Sixth Circuit, it has been called into question. *McCall v. United States*, 901 F. 2d 548, 550 (6th Cir. 1990). In any event, Plaintiff failed to exhaust any administrative remedies for a claim under either statute.

## CONCLUSION

Based upon the foregoing, and the pleadings on file herein, it is hereby **recommended** as

16

follows:

1.    Defendant' Motion to Dismiss Claim One Pursuant to Fed. R. Civ. P. 12(b)(6) [Filed April 18, 2006; Docket #7] be **granted**.

2.    Defendant' Motion to Dismiss for Lack of Jurisdiction Claim Two Pursuant to Fed. R. Civ. P. 12(b)(1) [Filed April 18, 2006; Docket #6] either be:

      a.    **converted** *sua sponte* to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and be **granted**; or, alternatively,

      b.    **converted** to a motion for summary judgment because the record demonstrates that there are no issues of material fact to be determined with regard to this claim, and be **granted**.

3.    This action be dismissed in its entirety, with prejudice.

Dated at Denver, Colorado, this 23rd day of August, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge